DABBS *v.* GUARANTEE FUND LIFE COMPANY.

4-4200

Opinion delivered March 2, 1936.

*P. L. Smith,* for appellant.

*Cranny & Moore* and *O. A. Featherston,* for appellee.

SMITH, J. The Guarantee Fund Life Company, hereinafter referred to as the company, issued a $2,000 insurance policy in 1917 on the life of Jonathan Dabbs in which his wife was named as the beneficiary. This policy was kept in force until 1929 when, on the application of the insured, it was exchanged for another, in which his wife was also named as beneficiary. This policy was numbered 718,722. The annual premium of $91.80 was last paid on July 26, 1930. Including this payment the policy had a cash loan value of $82.19. Correspondence began September 8, 1931, between the insured and the company regarding the lapse of the policy for nonpayment of premium. At that time the year covered by the last premium payment and the additional 31 days of grace had expired. On October 26, 1931, the insured wrote the company the following letter: "Send me cash surrender of $82.19 and I will hold no claim on policy Number 718,722."

The right to withdraw this money was one of the options which the insured had. The other options were to take either paid-up or extended insurance. There is some testimony to the effect that the signature to this letter was not that of the insured; but it is an undisputed fact that he was paid this exact sum of money by the company.

The insured died in September, 1934, and in February of the following year this suit was brought by the widow and beneficiary of the insured to recover the face of the policy, less the loan made thereon. That complaint, filed in the chancery court, alleged that the policy had been cancelled without the consent of the beneficiary and that the insured had been induced to cancel his policy by the false and fraudulent representation that the policy had lapsed, and could be reinstated only upon a re-examination of the insured showing him to be then in an insurable condition. It was alleged that the insured made application for reinstatement and was fraudulently rejected on the ground that he was not then in good health, when his health was good.

The decree, from which is this appeal, contains findings of fact against all these contentions, which do not appear to be contrary to the preponderance of the evidence.

The beneficiary testified that she paid all the premiums, which had been paid, and was ready and able to pay others. She does not testify, however, that either she or her husband, the insured, had paid any premium subsequent to July 26, 1930. This payment extended the policy to July 26, 1931, and through the grace period of 31 days thereafter. Had the loan value of the policy been then applied to the payment of the premium it would not have sufficed to continue the policy in force until the date of the insured's death. By the express terms of the policy it is stipulated that a re-examination of the insured would be required, in the event of a lapse through nonpayment of premium. Such provisions are valid and must be enforced, when invoked. *Woodmen of the World* v. *Jackson*, 80 Ark. 419, 97 S. W. 673. The insured was advised in his lifetime, that his policy had lapsed, and he submitted to a medical re-examination to secure reinstatement. He was advised of his rejection on account of unfavorable tests of his urine. There is no substantial proof of any fraud in this examination. The insured was apparently satisfied. At least the letter copied above so indicates.

The findings of the court against the plaintiff's allegations do not appear to be contrary to the preponderance of the evidence, and the decree must, therefore, be affirmed. It is so ordered.